IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARVIN LEE AKERS, | ) | |
|---|---|---|
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1686 |
| | ) | Judge David Stewart Cercone/ |
| SUPERINTENDENT DAVID | ) | Magistrate Judge Amy Reynolds Hay |
| DIGUGLIELMO, et al.; THE | ) | |
| DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF ALLEGHENY COUNTY; | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| Respondents | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the Petition for Writ of Habeas Corpus in the above-captioned case [Dkt. 1] be dismissed for failure to prosecute.

II. Report

The petitioner, Marvin Lee Akers, has presented a petition for writ of habeas corpus. Dkt. [1]. The respondents have filed an answer to the petition. Dkt. [12].

Although the petition is now ripe for determination, it appears that the petitioner has been released from SCI-Graterford and he has not provided the Court with any forwarding address, as is his obligation. The Court mailed an Order to the petitioner on March 2, 2009, to the SCI-Graterford address, which is the last address petitioner provided, and to the Renewal Center, where the respondents thought he might have been sent. Both pieces of mail were returned to the

Court. Thus, petitioner has failed to notify the Court of his whereabouts and has not given any other indication that he wishes to proceed with this action.[1]

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to petitioner's responsibility to notify the Court of his change of address so that the Court could communicate with him and his continuing failure to do so appears willful and constitutes a history of dilatoriness.

---

[1] Moreover, it would appear that if indeed the petitioner has been released, then he cannot maintain his habeas action. Through his petition, Akers asserted a sentence calculation challenge. It appears that his custody resulting from said sentence ended on February 28, 2009. See Dkt. [12] at ¶ 11. Because petitioner has obtained that which he sought via this habeas petition, i.e., release from custody, the habeas petition is now moot. Lane v. Williams, 455 U.S. 624, 631 (1982).

With respect to the second factor -- the prejudice caused to the adversary -- other than the expense of filing its response to the petition, there appears to be no specific prejudice to the respondents other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against petitioner, although it appears that respondents may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the petitioner filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. However, because he has failed to notify the Court of his change of address so that the case may go forward, it appears that the petitioner has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the petition in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                                  Respectfully submitted,

                                                  /s/ *Amy Reynolds Hay*
                                                  United States Magistrate Judge

Dated: 31 March, 2009

cc:    Hon. David Stewart Cercone

United States District Judge

Marvin Lee Akers
BW-8375
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244

All counsel of record by Notice of Electronic Filing